FILED
CLERK, U.S. DISTRICT COURT
AUG - 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MKRTCHYAN INVESTMENTS, L.P. | CASE NO. CV 14-06002 UA (DUTY) |
| Plaintiff, | |
| vs. | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| FABIOLA GARCIA-DELOYA, et al., | |
| Defendants. | |

    The Court remands this unlawful detainer action to state court summarily because it was improperly removed.

    On July 31, 2014, Jose Barajas lodged a Notice of Removal ("Notice"), seeking to remove to this court what appears to be a routine California state court unlawful detainer action. Mr. Barajas is not a named defendant in the action; however, in state court he filed a Prejudgment Claim of Right to Possession. [Notice, Exhibit A.] Together with the removal notice, Mr. Barajas presented an application to proceed without prepayment of the filing fee. The Court has denied the latter application in a separate order because

1  the action was not properly removed.  To prevent the action from
2  remaining in jurisdictional limbo, the Court now issues this order to
3  remand the action to state court on the following grounds.
4      Plaintiff Mkrtchyan Investments, L.P. could not have brought
5  this action in federal court in the first instance, in that no basis
6  for original federal jurisdiction appears from the complaint, and the
7  Notice of Removal does not competently allege facts supporting either
8  diversity or federal-question jurisdiction; removal is therefore
9  improper. See 28 U.S.C. § 1441(a); Exxon Mobil Corp. V. Allapattah
10 Svcs., Inc., 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502
11 (2005). Specifically, citizenship of the parties is unclear from the
12 pleadings; and even if complete diversity of citizenship exists, the
13 amount in controversy does not exceed the jurisdictional threshold of
14 $75,000. See Notice, Exhibit A (Complaint-Unlawful Detainer, alleging
15 that amount demanded does not exceed $10,000).  Additionally, Mr.
16 Barajas could not properly remove the action on the basis of
17 diversity jurisdiction in any event, because he resides in
18 California, the forum state. See 28 U.S.C. § 1441(b).
19     Nor does Plaintiff's unlawful detainer action raise any federal
20 legal question. See 28 U.S.C. §§ 1331, 1441(b).  Mr. Barajas asserts
21 in his removal notice that Plaintiff has violated federal laws in
22 connection with the initiation and prosecution of the unlawful
23 detainer, but that is immaterial for purposes of removal.  "For
24 better or for worse . . . a defendant may not remove a case to
25 federal court" on the basis of federal-question jurisdiction "unless
26 the plaintiff's complaint establishes that the case 'arises under'
27 federal law."  Franchise Tax Bd. v. Const. Laborers Vacation Trust,
28                           Page 2

463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

The Court further takes judicial notice of the docket in Case No. 14-4456-UA (DUTY), in which it appears that Mr. Barajas previously removed the same unlawful detainer case by filing a substantially identical removal notice; the case was summarily remanded for the same reasons stated above and Mr. Barajas was warned that any subsequent attempt to remove the action would be improper and vexatious and could result in the imposition of sanctions by the Court. **The removing party, Jose Barajas, is hereby advised that any further attempt to remove this action will make him subject him to sanctions, including the imposition of monetary sanctions.**

Accordingly, this matter is **remanded** to the Superior Court of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The Clerk is directed to send a certified copy of this order to the state court and to serve copies of this order on the parties.

**IT IS SO ORDERED.**

DATED: \_\_\_\_8/6\_\_\_\_, 2014

GEORGE H. KING
CHIEF DISTRICT JUDGE